# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| ANTHONY IRVING,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>WILLIAM POLLARD,<br><br>　　　　　　　　Respondent. | Case No. 16-CV-22-JPS<br><br><br><br>ORDER |

On January 6, 2016, Anthony Irving filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. After a jury trial in Sheboygan County Circuit Court, Mr. Irving was convicted of armed robbery with threat of force, a violation of Wis. Stat. § 943.32(1)(B). (Docket #1 at 2). Irving was sentenced to eighteen (18) years of confinement and eighteen (18) years of extended supervision. (Docket #1 at 2). Irving is currently confined to the Waupun Correctional Institution in Waupun, Wisconsin.

On March 7, 2016, the Court screened Mr. Irving's petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts. (Docket #8). In light of the Court's conclusion that Mr. Irving's petition was likely time-barred, the Court ordered the state to file a motion to dismiss or file a letter advising the Court of its waiver of the statute of limitations defense. (Docket #8). The government has since filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) which argues that Mr. Irving's claims are not only time barred, but also procedurally defaulted and meritless. (Docket #11). The government's motion is now fully briefed and ripe for adjudication. (Docket #11, #12, #13, #15). For the reasons stated herein, the Court agrees with the government that Mr. Irving's claims

are both untimely and procedurally defaulted and, accordingly, his petition must be dismissed.

1.   BACKGROUND

Before addressing the parties' arguments with respect to the pending motion to dismiss, the Court will first provide an overview of relevant procedural facts.

On May 27, 2010, Mr. Irving was convicted of six counts of armed robbery with threat of force following a jury trial in Sheboygan County Circuit Court. (Docket #1, #12, Ex. 1). During the trial, a state public defender, Attorney Brian Van Ells, represented Mr. Irving. (Docket #1 at 6). In his petition, Mr. Irving claims that prior to trial, he told Mr. Van Ells that he had committed the crimes in question. (Docket #1 at 6). Further, Mr. Irving claims that Mr. Van Ells aided and/or encouraged Mr. Irving to commit perjury during the trial by lying about his innocence. (Docket #1 at 6).

After the trial, Mr. Irving pursued a direct appeal with the assistance of an attorney, Byron Lichstein. (Docket #1 at 7). In that direct appeal, Mr. Irving raised two claims: (1) a denial of the right to self-representation; and (2) an ineffective assistance of trial counsel for failing to conduct certain cross-examinations. (Docket #12, Ex. 5).

During the direct appeal process, Mr. Lichstein allegedly received assistance from two law students Katherine Rallin and Jennifer Cunha. (Docket #1 at 7; #13). Mr. Irving claims that sometime during the appeals process, Mr. Van Ells told Mr. Lichstein about Mr. Irving's confession. (Docket #1 at 7; #13). In response, Mr. Irving claims that Ms. Rallin and Ms. Cunha called him between December 9, 2010, and April 7, 2011, during which time they asked Mr. Irving if he confessed to having committed his crimes to Mr. Van Ells. (Docket #1 at 7). Mr. Irving apparently denied making

the confession, which he claims was a decision that he made to protect Mr. Van Ells. (Docket #1 at 7).

The Wisconsin Court of Appeals ultimately affirmed Mr. Irving's judgment of conviction on August 8, 2012. (Docket #12, Ex. 5). Thereafter, Mr. Irving filed a petition for review with the Wisconsin Supreme Court; however, the court denied that petition for review on December 10, 2012. (Docket #12, Exs. 6-7).

Mr. Irving did not actively litigate his case thereafter until August of 2015. However, Mr. Irving has informed the Court that, in February of 2013, he became aware that his legal papers and trial transcripts were missing. (Docket #1 at 8).

In August of 2015, Mr. Irving filed a state post-conviction motion pursuant to Wis. Stat. § 974.06. (Docket #1, Ex. 1 at 1). In that motion, Mr. Irving asserted "that the performance of his trial counsel was deficient and that his appellate counsel failed to properly argue his trial counsel's ineffectiveness in his subsequent appeal." (Docket #1, Ex. 1 at 2).

The Sheboygan County Circuit Court concluded that Mr. Irving's motion was improper pursuant to Wis. Stat. § 974.06. That statute provides:

> [a]ll grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the reason has taken to secure relief may not be the basis for a subsequent motion, unless the court finds a ground for relief asserted which for sufficient reason was not asserted was inadequately raised in the original, supplemental, or amended motion.

Wis. Stat. § 974.06. Mr. Irving did not appeal that decision

2. ANALYSIS

In the instant petition, Mr. Irving raises two grounds for relief. First, Mr. Irving argues that his appellate counsel (Mr. Lichstein) was ineffective for failing to argue that his trial counsel (Mr. Van Ells) was ineffective (hereinafter "claim one"). (Docket #1 at 6-7; Docket #2). More specifically, Mr. Irving argues that Mr. Lichstein erred by failing to argue that Mr. Van Ells rendered ineffective assistance by assisting and/or encouraging Mr. Irving in committing perjury after Mr. Irving confessed to committing his crimes. (Docket #1 at 6-7; Docket #2). Second, Mr. Irving argues that Mr. Lichstein was ineffective by failing to maintain copies of various transcripts (hereinafter "claim two"). (Docket #1 at 7-8). The state argues that both claims are: (1) procedurally defaulted; (2) untimely; and (3) without merit.[1] (Docket #11, #12).

2.1 Procedural Default

The government argues that Mr. Irving's claims are procedurally defaulted because neither of them were presented through a complete round of state-court review. (Docket #12 at 4). Mr. Irving agrees that neither of his claims have been fairly presented to the Wisconsin courts. (Docket #13 at 2).

"The procedural default doctrine…is grounded in principles of comity, federalism, and judicial efficiency.…" *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (citing *Dretke v. Haley*, 541 U.S. 386 (2004)). The doctrine "preclude[s] a federal court from reaching the merits of a habeas

---

[1] The state construes the first argument in Mr. Irving's petition as being one directed towards the effectiveness of Mr. Van Ells, not Mr. Lichstein. (Docket #12, #15). The Court understands that the petition is unclear with respect to the ineffective assistance of counsel claim. (Docket #1). However, in his opposition brief, Mr. Irving clearly labels his heading in such a way as to suggest that his argument is directed towards appellate counsel's effectiveness. (Docket #13 at 2). Regardless, the state's argument, that Mr. Irving's claims are barred, is correct.

claim when either (1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Id.* "Thus, when the habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed, the petitioner has procedurally defaulted that claim." *Id.*

The doctrine is, however, subject to two equitable exceptions. *Haley*, 541 U.S. at 393. More precisely, "[a] federal court may excuse a procedural default if a petitioner can show either cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice." *Smith v. McKee*, 598 F.3d 374, 382 (7th Cir. 2010). "To establish cause for his default, a petitioner ordinarily must show that some external impediment blocked him from asserting his federal claim in state court." *Perruquet v. Briley*, 390 F.3d at 514-15. To establish prejudice, he "must shoulder the burden of showing, not merely that the errors at his trial created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). "If the petitioner cannot show cause and prejudice but instead seeks to overcome his procedural default by establishing the prospect of a miscarriage of justice, then he must demonstrate that he is actually innocent of the crime for which he was convicted— that is, he must convince the court that no reasonable juror would have found him guilty but for the error(s) allegedly committed by the state court." *Perruquet*, 390 F.3d at 515.

Page 5 of 12

Case 2:16-cv-00022-JPS   Filed 05/31/16   Page 5 of 12   Document 17

In this case, both of Mr. Irving's claims are procedurally defaulted because he failed to raise the claims through a complete round of state court review. With regard to claim two, Mr. Irving has never argued—on direct appeal or in his post-conviction motion—that Mr. Lichstein was ineffective because he failed to retain copies of trial transcripts. (Docket #1, Ex. 1 at 4-9). Moreover, Mr. Irving would be procedurally barred from presenting this claim to the Wisconsin state courts because he discovered this issue in July of 2015—a month before submitting his post-conviction motion. (Docket #1, Ex. 1 at 4, 11); *see also* Wis. Stat. § 974.06 ("All grounds for relief available to a person under this section must be raised in his or her original, supplemental or amended motion.…"); *State v. Crockett*, 2001 WI App 235, ¶ 7, 248 Wis. 2d 120, 126, 635 N.W.2d 673, 676 (explaining that "Wis. Stat. § 974.06(4) bars defendants from bringing claims, including constitutional claims, under § 974.06 if they could have raised them in a previous postconviction motion or on direct appeal—unless they have a 'sufficient reason' for failing to do so.").

Mr. Irving has also failed to demonstrate sufficient "cause" to excuse his procedural default on claim two. *Briley*, 390 F.3d at 514-15. The *only* justification Mr. Irving has offered for not submitting his claim to the Wisconsin state courts is that he "didn't know that [he] could raise that issue." (Docket #13 at 4). That rationale is insufficient. *See Dellinger v. Bowen*, 301 F.3d 758, 766 (7th Cir. 2002) (rejecting the argument that a "young, uneducated person without the capacity or ability to recognize possible grounds for relief" was sufficient to support a finding of "cause"); *Henderson v. Cohn*, 919 F.2d 1270, 1272-73 (7th Cir. 1990) (illiteracy and limited education do not constitute cause).

With regard to claim one, Mr. Irving has argued Mr. Lichstein's ineffectiveness in relation to the confession incident in his state post-

conviction motion. (*See* Docket #1, Ex. 1 at 1-4). Mr. Irving, however, chose not to appeal that decision. And, even if he did return to state court to argue this issue, Mr. Irving would be denied the opportunity to re-litigate his claim. *See Crockett*, 2001 WI App 235, ¶ 12 ("Crockett raised this claim in his initial postconviction motion, but the motion was denied and Crockett failed to appeal the issue. Therefore, Crockett may not assert it again here."). In addition, the Wisconsin state court has "clearly and expressly" rejected claim one on an independent and adequate procedural ground. (Docket #1, Ex. 1 at 1-4); *see also Perry v. McCaughtry*, 308 F.3d 682, 690 (7th Cir. 2002) (concluding that the Wisconsin Court of Appeals' reliance on the *Escalona-Naranjo* rule were "sufficiently plain to constitute reliance on the independent and adequate state law ground of procedural default.").

Mr. Irving responds to the procedural default hurdle by admitting that he has not presented either of his claims through a complete round of state court review. (Docket #13 at 2). Nonetheless, he argues that his claims are not procedurally defaulted. (Docket #13). Though he is not explicit on this point, Mr. Irving's position apparently relates to some sort of cause-and-prejudice argument; he does not reference actual innocence or any related thereto. (Docket #13). Mr. Irving apparently argues that Mr. Lichstein's ineffectiveness excuses the default. (Docket #13).

It is true that "in certain circumstances counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice" to show cause for procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). However, "the assertion of ineffective assistance as a cause to excuse procedural default in a § 2254 petition, is, itself, a constitutional claim that must have been raised before the state court or be procedurally defaulted." *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009) (internal citations omitted). Morever, "even assuming that [Mr. Irving] had preserved his ineffective

assistance of appellate counsel claim, he can prevail now only if he establishes that his appellate counsel failed to raise an issue that was both obvious and clearly stronger than the issues he did raise." *Id.* (citing *Kelly v. United States*, 29 F.3d 1107, 1112 (7th Cir.1994)).

Thus, even if Mr. Irving is arguing that his appellate counsel's ineffectiveness is the "cause" of his failure to raise other constitutional claims previously, that argument must fail. First, Mr. Irving failed to preserve his ineffective assistance of counsel claim at each level of state court review. Likewise, Mr. Irving has made no attempt to show that Mr. Lichstein failed to raise an issue that was "obvious and clearly stronger than the issues he did raise." *Id.* In fact, Mr. Irving fails to appreciate that when Mr. Lichstein's assistants asked whether Mr. Irving confessed, he denied the allegation outright. (Docket #13 at 2). Finally, Mr. Irving has failed to make any argument regarding the "actual and substantial" prejudice that has resulted from this alleged constitutional error. *Frady*, 456 U.S. at 170.

Thus, because Mr. Irving has not presented: (1) a viable cause argument; (2) any argument with respect to prejudice; and (3) any argument with respect to actual innocence, neither the cause-and-prejudice exception nor miscarriage of justice exception can save him from the conclusion that his claims are procedurally defaulted.

2.2 Timeliness

The government argues that Mr. Irving's claims are time barred pursuant to 28 U.S.C. § 2244(d). (Docket #12). For his part, Mr. Irving does not respond directly to the government's timeliness arguments; instead, he merely states that he "does not agree" that his claims are time barred. (Docket #13 at 1).

The statute of limitations for the Antiterrorism and Effective Death Penalty Act ("AEDPA") is embodied in 28 U.S.C. § 2244(d). Mr. Irving's

petition arguably presents two statutory bases upon which this Court may find his petition timely: (1) Section 2244(d)(1)(A) (stating that the "1-year period of limitation…shall run from…the date on which the judgment became final"); or (2) Section 2244(d)(1)(D) (stating that the "1-year period of limitation…shall run from…the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"). The limitations period is tolled only during the time in which a "properly filed" state post-conviction motion is pending in state court. 28 U.S.C. § 2244(d)(2).

Beyond the fact that Mr. Irving has waived any potential timeliness arguments by failing to respond to the government's positions on this point, *see United States v. Adams*, 625 F.3d 371, 378 (7th Cir. 2010), Mr. Irving's petition is untimely under either Section 2244(d)(1)(A) or Section 2244(d)(1)(D). First, pursuant to Section 2244(d)(1)(A), the Court must ascertain the date upon which Mr. Irving's conviction became "final." Here, the Wisconsin Supreme Court denied Mr. Irving's petition for review on December 10, 2012. (Docket #12, Ex. 7). He thereafter had ninety days to file a petition for certiorari with the United States Supreme Court—which he did not do. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002). Though March 10, 2013, was ninety days after the Wisconsin Supreme Court denied Irving's petition for review, March 10, 2013, was a Sunday. Thus, Irving had until the following day, Monday, March 11, 2013, to file a petition for certiorari. *See* Fed. R. Civ. Pro. 6(a)(1)(C); *see also Newell v. Hanks*, 283 F.3d 827, 833 (7th Cir. 2002) (holding that Fed. R. Civ. Pro. 6(a) "applies to the computation of AEDPA's grace period"). Thus, AEDPA's one-year statute of limitations began to run on the following day, March 12, 2013, *see Anderson*, 281 F.3d at 675, and Mr. Irving had until close of business on March 11, 2014, to file a federal habeas petition, *see United States v. Marcello*, 212 F.3d 1005,

1010 (7th Cir. 2000) (adopting the "anniversary rule" for computing AEDPA's one-year statute of limitations). Therefore, because Mr. Irving filed his petition in January of 2016, his petition was filed approximately two years late. (Docket #1).

Furthermore, Mr. Irving's petition is untimely pursuant to § 2244(d)(1)(D). With regard to claim one, Mr. Irving admits that he became aware of the factual predicate of this claim sometime between December 9, 2010, and January 7, 2012, when he learned that Mr. Van Ells disclosed the alleged confession to Mr. Lichstein. (Docket #1 at 7). With regard to claim two, Mr. Irving could have became aware, through due diligence, of the transcript issued in February of 2013, when he discovered that his transcripts has gone missing in prison. (Docket #1 at 8). Moreover, because Mr. Irving's state post-conviction motion was not filed until August of 2015, it did not act to toll any remaining limitations period, which had already run under either theory described above. Thus, over one year had undisputedly passed between the time in which Mr. Irving could have discovered both of his claims though the exercise of due diligence and the time in which he filed the instant petition.

3.      CONCLUSION

Mr. Irving's petition is barred because his claims are procedurally defaulted and untimely. Accordingly, the Court need not reach the merits of his underlying claims and will grant the government's motion to dismiss. (Docket #11). However, under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Mr. Irving must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or,

for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). Further, when the Court has denied relief on procedural grounds, the petitioner must show that jurists of reason would find it debatable both that the "petition states valid claim of the denial of a constitutional right" and that "the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court concludes that reasonable jurists would not debate whether Mr. Irving's petition could have been resolved in a different manner. As a consequence, the Court is compelled to deny a certificate of appealability as to Mr. Irving's petition.

Finally, the Court closes with some information about the actions that Mr. Irving may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Federal Rule of Civil Procedure 6(b)(2). A party is expected to

closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

IT IS ORDERED that, the Court having determined that Mr. Irving's petition for a writ of habeas corpus (Docket #1) is procedurally defaulted untimely, that petition (*id.*) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the government's motion to dismiss (Docket#11) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED; and

IT IS FURTHER ORDERED that a certificate of appealability be and the same is hereby DENIED.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of May, 2016.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge